## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

TERRY PAUL GLENN JR.,

     Plaintiff,

v.

BRYAN BRUENGER; JOSHUA
TRUESDALE; JOSHUA LATIMER;
and COLUMBIA COUNTY FLORIDA;        **Jury Trial Demanded**

     Defendants.

_____/

## COMPLAINT

1.     Plaintiff seeks money damages and equitable relief from Defendants for violating his constitutional rights, and injunctive relief to prevent injury to himself in the future.  He also brings forward supplemental claims for violations of Florida state law.

2.     Plaintiff was the victim of excessive force by Defendants BRYAN BRUENGER, JOSHUA TRUESDALE, and JOSHUA LATIMER in violation of the Fourth Amendment to the U.S. Constitution and Florida state tort laws.

3.     Plaintiff brings suit under 42 U.S.C. § 1983.

4.     Plaintiff has served notice of his state law claims in compliance with § 768.28, Florida Statutes. *A copy of said Notice is attached hereto and marked as Exhibit "A".*

## JURISDICTION

5.     This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 (declaratory relief), and 42 U.S.C. §§ 1981, 1983, 1988.

6.     This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

7.     This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

## VENUE

8.     Venue is proper in this district based on 28 U.S.C. § 1391(b), as Defendants are residents of this district and the acts or occurrences giving rise to these claims occurred in this district.

## PARTIES

9.     Plaintiff TERRY PAUL GLENN JR. resides in Lake City, Florida.

10.    Defendants are all, upon information and belief, Florida municipal entities and/or individual members of law enforcement agencies.

11.    Defendant, COLUMBIA COUNTY FLORIDA ("COUNTY"), is a county existing under the laws of the State of Florida.  The COUNTY established and maintains the COLUMBIA COUNTY SHERIFF'S DEPARTMENT ("CCSD"), as a constituent department or agency.  The COUNTY is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the COUNTY and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States.  Plaintiff bases all applicable and appropriate claims as to COUNTY on the doctrines of municipal liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

12.    Defendant BRUENGER was, at all times relevant, a deputy of CCSD.  He is sued in his personal and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

2

13.     Defendant TRUESDALE was, at all times relevant, a deputy of CCSD. She is sued in her personal and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

14.     Defendant LATIMER was, at all times relevant, a deputy of CCSD. He is sued in his personal, and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

15.     All Defendant law enforcement officers, agents and/or employees were, at all times relevant to this Complaint, working as on or off duty licensed Florida peace officers acting under color of state law and within the scope and course of their duties and employment as officers.

**FACTS COMMON TO ALL COUNTS**

16.     On or about March 1, 2020, Plaintiff was a passenger in a vehicle that was travelling in Columbia County Florida.

17.     While travelling, GLENN and his co-passengers noticed a vehicle had been stopped alongside the roadway and that Mr. GLENN's brother was being interrogated alongside.

18.     Mr. GLENN's party pulled around to a public parking lot near which his brother had been detained. He walked around to the scene on the public roadway and attempted to ascertain whether his brother was in distress.

19.     Defendant BRUENGER was assisting the stop of Mr. GLENN's brother and approached Mr. GLENN on the public sidewalk as he approached the scene. Without cause and without warning, BRUENGER grabbed Mr. GLENN and placed him in restraints.

20.     While attempting to ascertain the reason for his detention, BRUENGER began to exercise violent force and struck Mr. GLENN with fists and his knee **while** Mr. GLENN was restrained and defenseless. BRUENGER then dragged the Plaintiff to the department vehicle on

3

the scene and attempted to force Mr. GLENN inside.

21.    Mr. GLENN was not placed entirely inside the vehicle, and his feet remained outside the threshold of the door where BRUENGER began to repeatedly slam the department vehicle door on the Plaintiff's limbs.

22.    After detaining Mr. GLENN and fully placing him in the department vehicle, BRUENGER and the other officers attendant returned to their interrogation of Mr. GLENN's brother at the scene. The Plaintiff began to struggle inside of the law enforcement vehicle, causing BRUENGER to return and remove Mr. GLENN from the vehicle for a second time.

23.    BRUENGER and the other officers attendant grappled with Mr. GLENN while he remained in handcuffs and forced him to the ground shoving GLENN's head into the concrete and applying a knee to his back, essentially forcing physical submission.

24.    Mr. GLENN was taken into custody and held by the officers attendant.  Reports filed commensurate with the incident alleged that the Plaintiff committed the offenses of battery, corruption by threat, and resisting officers.

**Violations of Policy**

25.    Upon information and belief, Defendants BRUENGER, TRUESDALE, and LATIMER failed to fill out Use of Force reports.

26.    This oversight is normal practice or custom for officers in the employ of CCSD, and upon information and belief, the COUNTY and CCSD do not discipline deputies for failing to document their use of force. The COUNTY does not take seriously the excessive force used by its deputies despite the widespread community concerns expressed by lawyers, nurses, and the public at large. Use of Force reports are also a well-established best practice for law enforcement departments.

27.    Upon information and belief, neither the CCSD nor COUNTY have conducted any investigation into Plaintiff's assault despite their awareness of it and despite such after-incident investigations being best practice for police departments.

**Excessive Force Violation**

28.    On March 1, 2020, Plaintiff had a clearly-established constitutional right to be free from excessive force.

29.    Plaintiff did not pose any threat to Defendants BRUENGER, TRUESDALE, LATIMER, other officers/deputies, or civilians.

30.    Defendant TRUESDALE knew or reasonably should have known of the danger he placed Plaintiff into by his assault.

31.    Defendant LATIMER knew or reasonably should have known of the danger he placed Plaintiff into by her assault.

32.    Defendant BRUENGER repeatedly struck, kicked, and beat the Plaintiff in an excessive and dangerous manner and he knew or reasonably should have known that such actions could result in pain and harm to Plaintiff.

33.    The actions of Defendants BRUENGER, TRUESDALE, and LATIMER constituted clear excessive force.

34.    Further, Defendants BRUENGER, TRUESDALE, and LATIMER had an obligation to stop one another while witnessing such excessive force, not commit to a joint assault.

35.    Upon information and belief, the COUNTY and its subsidiaries have been sued before for excessive force violations, and the Defendant has failed to investigate or take corrective action to prevent these excessive force violations from happening again.

36.    Defendants' actions deprive Plaintiff of his right to be free from excessive force

and they were motivated by an unconstitutional enforce policy, pattern of practice, and custom by the COUNTY and its subsidiaries. The COUNTY does not enforce their excessive force policies, they do not properly document incidents of force, they do not investigate allegations of excessive force, and they engage in a policy, pattern of practice, or custom of failing to reprimand or discipline any officer for excessive force. Defendant's failure to address excessive force by CCSD officers amounted to tacit approval of the use of excessive force.

37.    All Defendants were state actors acting under color of state law.

**Injunctive Relief**

38.    As a result of the excessive force to which he was subjected, Plaintiff felt violated and degraded. Defendants deliberately, violently, and outrageously attacked Plaintiff without any justifiable legal cause. Plaintiff fears that he could experience similar arbitrary and unjustifiable attacks by Defendant agencies and individuals in the future. Plaintiff continues to reside near and about the Lake City community. He is also concerned that police will target him because he reported the incident and has now commenced a lawsuit.

**COUNT I**
**42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**
**Defendant BRUENGER**

39.    Paragraphs 1-10, 12, 15, 16-24, 28-29, 32-34, and 37, are incorporated herein by reference as though fully set forth.

40.    Plaintiff makes a claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

41.    The Fourth Amendment does not permit Defendant, BRUENGER, to use excessive force. "The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment." *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013) (citation

6

omitted).

42.    "We analyze the excessive force claims of pretrial detainees under an objective reasonableness standard." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

43.    Circumstances relevant to the reasonableness of the officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Priester v. City of Rivera Beach*, 208 F.3d 919 (11th Cir. 2000).

44.    The individual Defendant's use of force against Plaintiff was not reasonable under the circumstances, and was excessive.

45.    Wherefore, as a direct and proximate result of the actions of Defendant, BRUENGER, Plaintiff has suffered damages in amount in excess of $100,000.00.

## COUNT II
### 42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)
### Defendant TRUESDALE

46.    Paragraphs 1-10, 13, 15, 16-24, 28-30, 33-34, and 37, are incorporated herein by reference as though fully set forth.

47.    Plaintiff makes a claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

48.    The Fourth Amendment does not permit Defendant, TRUESDALE, to use excessive force.  "The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment." *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013) (citation omitted).

49.    "We analyze the excessive force claims of pretrial detainees under an objective

7

reasonableness standard." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

50.     Circumstances relevant to the reasonableness of the officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Priester v. City of Rivera Beach*, 208 F.3d 919 (11th Cir. 2000).

51.     The individual Defendant's use of force against Plaintiff was not reasonable under the circumstances, and was excessive.

52.     Wherefore, as a direct and proximate result of the actions of Defendant, TRUESDALE, Plaintiff has suffered damages in amount in excess of $100,000.00.

**COUNT III**
**42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**
**Defendant LATIMER**

53.     Paragraphs 1-10, 14-24, 31, 33-34, and 37, are incorporated herein by reference as though fully set forth.

54.     Plaintiff makes a claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

55.     The Fourth Amendment does not permit Defendant, LATIMER, to use excessive force. "The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment." *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013) (citation omitted).

56.     "We analyze the excessive force claims of pretrial detainees under an objective reasonableness standard." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

8

57.    Circumstances relevant to the reasonableness of the officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Priester v. City of Rivera Beach*, 208 F.3d 919 (11th Cir. 2000).

58.    The individual Defendant's use of force against Plaintiff was not reasonable under the circumstances, and was excessive.

59.    Wherefore, as a direct and proximate result of the actions of Defendant, LATIMER #1, Plaintiff has suffered damages in amount in excess of $100,000.00.

## COUNT IV
### 42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene)
### Defendant BRUENGER

60.    Paragraphs 1-10, 12, 15, 16-24, 28-29, 32-34, 37, and 39-59 are incorporated herein by reference as though fully set forth.

61.    Plaintiff brings this claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

62.    TRUESDALE's use of force against Plaintiff was excessive.

63.    Defendant LATIMER's use of force against Plaintiff was excessive.

64.    Defendant BRUENGER had a duty to intervene and protect Plaintiff but failed to do so in violation of *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981).

65.    Wherefore, as a direct and proximate result of Defendant, BRUENGER's actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT V
### 42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene)
### Defendant TRUESDALE

66.    Paragraphs 1-10, 13, 15, 16-24, 28-30, 33-34, 37, and 39-59, are incorporated

herein by reference as though fully set forth.

67.     Plaintiff brings this claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

68.     LATIMER's use of force against Plaintiff was excessive.

69.     Defendant BRUENGER's use of force against Plaintiff was appallingly excessive.

70.     Defendant TRUESDALE had a duty to intervene and protect Plaintiff but failed to do so in violation of *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981).

71.     Wherefore, as a direct and proximate result of Defendant, TRUESDALE's actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT VI
### 42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene)
### Defendant LATIMER

72.     Paragraphs 1-10, 14-24, 31, 33-34, 37, and 39-59, are incorporated herein by reference as though fully set forth.

73.     Plaintiff brings this claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

74.     Defendant TRUESDALE's use of force against Plaintiff was excessive.

75.     Defendant BRUENGER's use of force against Plaintiff was appallingly excessive.

76.     Defendant LATIMER had a duty to intervene and protect Plaintiff but failed to do so in violation of *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981).

77.     Wherefore, as a direct and proximate result of Defendant LATIMER's actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

**COUNT VII**
**Intentional Torts: Assault, Battery, False Arrest, False Imprisonment, Intentional**
**Infliction of Emotional Distress**
**Defendant BRUENGER**

78.    Paragraphs 1-10, 12, 15, 16-24, 28-29, 32-34, and 37, are incorporated herein by reference as though fully set forth.

79.    Defendant BRUENGER was an employee, deputy and/or agent of Columbia County Florida.

80.    All acts of BRUENGER alleged above were conducted within the scope of the Defendants' employment or duties.

81.    The actions of Defendant BRUENGER were willful, malicious, and in violation of the known rights of Plaintiff.

82.    On March 1, 2020, Defendant BRUENGER committed assault and battery upon Plaintiff when he baldly attacked the Plaintiff with his fists, knees, and repeatedly struck the Plaintiff repeatedly with a vehicle door.

83.    Defendant BRUENGER, without probable cause or articulated suspicion, handcuffed and put Plaintiff in his department vehicle.

84.    Defendant BRUENGER falsely imprisoned Plaintiff in his department vehicle while he and Defendants TRUESDALE and LATIMER investigated and questioned the Plaintiff's brother.

85.    At all times, Plaintiff knew he was imprisoned by Defendant BRUENGER.

86.    Defendant's conduct was intentional and done through the assertion of legal authority over Plaintiff.

87.    Defendant's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

88.    Defendant BRUENGER's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

89.    Wherefore, as a direct and proximate cause of the actions of Defendant, BRUENGER, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT VIII
### Intentional Torts: Assault, Battery, Intentional Infliction of Emotional Distress
### Defendant TRUESDALE

90.    Paragraphs 1-10, 13, 15, 16-24, 28-30, 33-34, and 37, are incorporated herein by reference as though fully set forth.

91.    Defendant TRUESDALE was an employee, deputy and/or agent of Columbia County Florida.

92.    All acts of TRUESDALE alleged above were conducted within the scope of the Defendants' employment or duties.

93.    The actions of Defendant TRUESDALE were willful, malicious, and in violation of the known rights of Plaintiff.

94.    On March 1, 2020, Defendant TRUESDALE committed assault and battery upon Plaintiff when he participated in an unprovoked attack on Mr. GLENN while he was restrained, applying force and assisting BRUENGER in wrestling Mr. GLENN to the ground.

95.    Defendant's conduct was intentional and done through the assertion of legal authority over Plaintiff.

96.    Defendant's conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

97.    Wherefore, as a direct and proximate cause of the actions of Defendant TRUESDALE, Plaintiff has suffered damages in an amount in excess of $100,000.00.

**COUNT IX**
**Intentional Torts: Assault, Battery, Intentional Infliction of Emotional Distress**
**Defendant LATIMER**

98.    Paragraphs 1-10, 14-24, 31, 33-34, and 37, are incorporated herein by reference as though fully set forth.

99.    Defendant LATIMER was an employee, deputy and/or agent of a municipality.

100.    All acts of LATIMER alleged above were conducted within the scope of the Defendants' employment or duties.

101.    The actions of Defendant LATIMER were willful, malicious, and in violation of the known rights of Plaintiff.

102.    On March 1, 2020, Defendant LATIMER committed assault and battery upon Plaintiff when he participated in an unprovoked attack on Mr. GLENN while he was restrained, applying force and assisting BRUENGER in wrestling Mr. GLENN to the ground.

103.    Defendant LATIMER's conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

104.    Wherefore, as a direct and proximate cause of the actions of Defendant, WATKINS, Plaintiff has suffered damages in an amount in excess of $100,000.00.

**COUNT X**
**42 U.S.C. § 1983 (Monell) Municipal Liability**
**Defendant, COLUMBIA COUNTY FLORIDA**

105.    Paragraphs 1-104, are incorporated herein by reference as though fully set forth.

106.    The COUNTY is liable for the damages suffered by the Plaintiff as a result of the conduct of their employees, agents, and servants, in that they have created a policy or custom under which unconstitutional practices occur and allow such policies or customs to continue and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

13

The COUNTY has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests. That deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

107.    The COUNTY is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the COUNTY has failed to take corrective action.

108.    The Plaintiff has been damaged as a result of the deliberate indifference of the COUNTY to the constitutional rights of the COUNTY's inhabitants.

109.    The COUNTY is liable for the damages suffered by the Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of the Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing their employees or agents who caused the unlawful condition or event. The COUNTY has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests. Said deliberate indifference caused the violation of the Plaintiff's constitutional rights in this case.

110.    Wherefore, as a direct and proximate cause of the actions of Defendant, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## DECLARATORY RELIEF

111.    This suit involves an actual controversy within the Court's jurisdiction and the Court may declare the rights of Plaintiff under the Constitution and law of the United States and

the laws of Florida and grant such relief as necessary and proper. Plaintiff seeks declaratory relief on his behalf.

112.    Plaintiff seeks declaratory judgment that Defendant, COLUMBIA COUNTY FLORIDA's policies, pattern of practices, customs, and omissions described herein violate the Fourth Amendment to the U.S. Constitution and constitute excessive force in violation of Florida state law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, and grant the following:

A.    Enter a declaratory judgment on behalf of Plaintiff that Defendant COLUMBIA COUNTY FLORIDA's policies, pattern of practices, customs, acts, and omissions, described herein, constituted excessive force in violation of the Fourth Amendment and in violation of Florida state law;

B.    Enter judgment on behalf of Plaintiff against Defendants for reasonable actual damages sufficient to compensate him for the violation of his Fourth Amendment rights and rights under Florida state law;

C.    Permanently enjoin and prohibit Defendants from interfering with Plaintiff's constitutional rights. Specifically, to enjoin Defendants from:

      a.    Retaliating against Plaintiff or his family for bringing this lawsuit; and

      b.    Subjecting Plaintiff to excessive force in the future.

D.    Order Defendants to pay punitive and other exemplary damages based on 42 U.S.C. § 1983 claims;

E.    Order Defendants to pay Plaintiff's attorneys' fees and costs as authorized by 42

U.S.C. § 1988; pre-judgment interest and any other relief deemed necessary and proper;

      F.      For leave to amend Complaint to include a claim for punitive damages under state law; and

      G.      Grant all other and additional relief to which Plaintiff may be entitled.

Dated: August 12, 2022

_____
CHRISTOPHER W. WICKERSHAM JR., ESQ.
Florida Bar Number: 91703
LAW OFFICES OF C. W. WICKERSHAM JR., P.A.
The Whiteway Building, Suite 205
2720 Park Street, Jacksonville, FL 32205
(904) 389-6202 Telephone
(904) 389-6204 Facsimile
Email:  pleadings@chriswickersham.com
*Counsel to Plaintiff*

16

**WICKERSHAM & BOWERS**
ATTORNEYS AND COUNSELORS AT LAW
501 NORTH GRANDVIEW AVENUE, SUITE 115
SUNTRUST EXECUTIVE CENTER
DAYTONA BEACH, FLORIDA 32118

MAILING ADDRESS: POST OFFICE DRAWER 2250
DAYTONA BEACH, FLORIDA 32115-2250

TELEPHONE (386) 252-3000
FAX (386) 239-5133
EMAIL: lbowers@wickershamandbowers.com

CHRISTOPHER W. WICKERSHAM, SR.
ADMITTED IN:
   FLORIDA
   DISTRICT OF COLUMBIA
CERTIFIED MEDIATOR:
   FAMILY LAW
   CIVIL CIRCUIT
   COUNTY COURT
QUALIFIED PARENTING COORDINATOR

LLOYD BOWERS
ADMITTED IN:
   FLORIDA
   LOUISIANA
   TEXAS
CERTIFIED MEDIATOR:
   FAMILY LAW

Via U.S. Certified Mail,

February 26, 2021

Deputy Brian Bruenger, individually,
Deputy Truesdale, individually,
Deputy Latimer, individually,
Mark Hunter, Columbia County Sheriff,
c/o Columbia County Sheriff's Department
4917 US Highway 90
Lake City, Florida 32055

Columbia County Florida
135 N.E. Hernando Avenue
Lake City, Florida 32056

Florida Department of Financial Services
Division of Risk Management
200 East Gaines Street
Tallahassee, FL 32399-0322

Re:   **TERRY GLENN v. COLUMBIA COUNTY FLORIDA, et al.**

**YOU ARE NOTIFIED**, pursuant to § 768.28(6)(a), Florida Statutes, of a claim against the above-named parties, arising from bodily injury and violations of the claimant's constitutional rights, as described below.

The events giving rise to the claims involve the Columbia County Sheriff's Department's use of excessive force against Mr. Terry Glenn on March 1, 2020. Mr. Glenn's brother, James Queen, had been pulled over for an unknown traffic infraction. Mr. Glenn, a passenger in Ms. Cynthia Belcher's separate vehicle (a friend) noticed his brother's stop on the side of the road. Due to the obvious climate of police stops regarding African Americans, Mr. Glenn asked his friend to stop so he could monitor his brother's interaction with law enforcement from a safe distance.

Mr. Glenn approached the scene on a public sidewalk and asked his brother if he was O.K. Office Bryan Bruenger approached Mr. Glenn and instructed him to leave the public place although Mr. Glenn was not disrupting traffic, on private property without permission, or otherwise breaking the law. Nonetheless, Mr. Glenn and the fellow occupants of the vehicle complied and pulled to a park[ing lot.] Following the brief interaction, Mr.

EXHIBIT
A

Glenn re-approached the scene on foot while still observing a considerable distance, where Deputy Truesdale also instructed Mr. Glenn to leave a public place.

Without any cause or threat whatsoever, Deputy Bruenger approached Mr. Glenn, placed him in handcuffs, and performed an improper search of Mr. Glenn. Mr. Glenn, though he had not been read his rights and nothing had been revealed in his improper search, was forced into Deputy Truesdale's vehicle. It is undisputed that Mr. Glenn shouted obscenities as he was being illegally searched, detained, and arrested, however the instigation of the incident and blatantly unlawful acts of Officer Bruenger created an overly hostile scene, which the deputies attendant should have worked to de-escalate. One individual had an obligation to protect the rights, well-being, and safety of the other; the other did not.

Following this altercation, another passenger from Mr. Glenn's car came from the parking lot around the corner, which caused a separate incident of improper and illegal behavior from the deputies. Nonetheless, Deputy Bruenger heard struggling from Deputy Truesdale car. According to Bruenger's report, he reacted to Mr. Glenn's resistant actions to "prevent damage to the car and injury to him." **See** **Attachment** **A**- *Columbia County Sheriff's Office Arrest Report*. Whatever account of the following situation one wishes to follow, the officers attendant ripped Mr. Glenn's clothing and caused substantial injury attempting to *"remove him"* from Deputy Truesdale's vehicle. The officers did eventually remove Mr. Glenn from the vehicle and then forced him to the ground, kneeling on him, and attempted to restrain his legs. This entire altercation involving Mr. Glenn lasted about ten (10) minutes. Further, the altercation was well documented and recorded by those witnesses in attendance. **See** **Attachment** **B**.

This entire incident began over Mr. Glenn standing in a public place and asking his brother, James Queen, if he was O.K. during a traffic stop. This action does not constitute a threat; this action does not warrant being commanded to leave a public place; this action would not warrant a random and uncalled for search of person; and this action would not warrant an arrest where nothing criminal had in fact taken place or been suspected. Further, it is of conspicuous note that Mr. Glenn was never read his rights before being searched, before being detained, and before being transported to a holding facility. This entire situation called for a reduction in hostilities, not a continuous violent assault and illegal arrest that followed upon a brief interaction with law enforcement.

Mr. Glenn's constitutional rights were violated by Columbia County Sheriff's Office's use of excessive force. Further, due to the injuries inflicted by the Columbia County Sheriff's Office and its deputies, Mr. Glenn will require continued treatment including but not limited to, long-term medication and continued monitoring of his injuries. Additionally, Mr. Glenn has suffered substantial emotional distress resulting from the incident. As aforementioned, considering the current climate concerning the interaction between law enforcement and African Americans, this incident has done nothing but further the fear and anxiety of minorities with law enforcement.

Mr. Glenn had a clearly established constitutional right to be free from excessive force, even if he had allegedly been culpable for participating in the situation. Mr. Glenn was not

attempting to harm or threaten the deputies at any time, yet this did not prevent the deputies from causing pain, harm, and injury to Mr. Glenn far beyond what the situation called for. The actions of these deputies clearly constituted excessive force, where they violently attached Mr. Glenn without any justifiable legal cause. The County of Columbia County and its Sheriff have a responsibility to properly train, supervise, and discipline its deputies. A failure to adequately train and supervise the arresting deputies in the use of force caused or contributed to the situation, and by extension Mr. Glenn's damages. All deputies present had a duty to intervene and protect Mr. Glenn but failed to do so.

Please be advised that our client owes no adjudicated penalties, fines, fees, victims' restitution, or other judgments in excess of $200.00, imposed by any civil, criminal, or administrative tribunal, to the State or any of its agencies, officers, or subdivisions.

Where this Notice constitutes a public record under Chapter 119, Florida Statutes, our client's social security number and driver's license numbers are withheld in accordance with the exemptions set forth in the Drivers' Privacy Protection Act, and the privacy provisions of Chapter 119, Fla. Stat., and the same will be provided to the Columbia County Sheriff's Office, under separate cover which shall be expressly exempt from public disclosure.

The value of the claim for damages suffered by Mr. Glenn as the result of his injuries and nominal damages for violation of his constitutional rights is $250,000.00. Pursuant to Florida Statute 768.28, the governmental entity or entities named above are required to make a disposition of the claims asserted herein within ninety (90) days, and if they should fail to do so, then such a failure to respond within the statutory time period shall be deemed a final denial of the claim and shall authorize the filing of a suit for damages against Columbia County Sheriff's Department. If there is any additional information you need in analyzing or addressing this claim, please do not hesitate to contact us at (904) 389-6202.

Very truly yours,

CHRISTOPHER W. WICKERSHAM, SR.

CWW/kgm

Enclosures: Flash Drive



7014 2120 0003 5161 9790

Deputy Brian Bruenger, individually,
Deputy Truesdale, individually,
Deputy Latimer, individually,
Mark Hunter, Columbia County Sheriff,
c/o Columbia County Sheriff's Department
4917 US Highway 90
Lake City, Florida 32055

Enclosure (1) Thumb Drive

CERTIFIED MAIL

7014 2120 0003 5161 9806

Florida Department of Financial Services
Division of Risk Management
200 East Gaines Street
Tallahassee, FL 32399-0322

Enclosure (1) Thumb Drive

CERTIFIED MAIL

7014 2120 0003 5161 9783

Columbia County Florida
135 N.E. Hernando Avenue
Lake City, Florida 32056

Enclosure (1) Thumb Drive